DICK L. ROTTMAN, Commissioner, Division of Insurance, Department of Commerce, State of Nevada, Appellant, v. DAVID KENT, Respondent.

No. 11174

March 30, 1981                                    625 P.2d 1168

*Richard Bryan,* Attorney General, and *Wayne D. Wilson,* Deputy Attorney General, Carson City, for Appellant.

*Michael R. Zervas,* Las Vegas, for Respondent.

## OPINION

By the Court, SPRINGER, J.:

After a proper hearing, the state revoked David Kent's license as a bailbondsman and levied against him administrative fines totaling $1,000.00. The two grounds for revocation were that he paid off a municipal judge in return for preferential treatment and that he gave perjurious testimony to the grand jury concerning those payoffs.

Evidence of such misconduct was taken entirely from admissions made in grand jury testimony given by Kent, who was granted federal immunity under 18 U.S.C. § 6002. By virtue of that immunity, no testimony or information derived from it can be used "in any criminal proceeding against him in any court."

The district judge held that the immunity prohibited the use of his previous testimony in these license revocation proceedings and that, therefore, the revocation and administrative fines must be set aside. The state appeals from this ruling.

The rationale of the district judge's decision was that the administrative hearing was "punitive" and therefore "criminal" in nature. Accordingly, he held that Kent's admissions of payoff and perjury could not be used against him. This is incorrect.

It is rather clear to us that the administrative proceedings in this case were based on a statutory scheme (NRS 697.090, 697.150, 683A.450) which is designed not to punish licensees but rather to regulate professional conduct in order to protect the public. Laman v. Nevada R.E. Adv. Commission, 95 Nev. 50, 589 P.2d 166 (1979); Childs v. McCord, 420 F.Supp. 428 (D.Md. 1976).

Administrative fines are not absolute indicia of punitive intent and have been held in revocation proceedings comparable to this to be a civil penalty rather than criminal in nature. Burley v. DEA, 443 F.Supp. 619 (D.Tenn. 1977).

We find that Kent was not "immunized" against the subsequent use of his testimony in this civil proceeding; that it was proper for the commissioner to receive evidence of admitted misconduct and that it was proper for the state to revoke Kent's license and to levy administrative fines.

The judgment of the district court is reversed. The findings and decision of the insurance commissioner are reinstated.

GUNDERSON, C. J., and MANOUKIAN, BATJER, and MOWBRAY, JJ., concur.